# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

| | |
|---|---|
| IVA FRISBY, | )<br>) |
| Plaintiff, | )<br>)  Civil Action No.<br>) |
| v. | )<br>) |
| MADISON COUNTY, | )<br>)  Jury Trial Demanded<br>) |
| Defendant. | )<br>) |
| _____ | )<br>) |

## COMPLAINT

Comes now the Plaintiff, and complaining of the Defendant, alleges as follows:

## NATURE OF COMPLAINT

1. This action is brought to remedy a violation of rights as protected under the Family Medical Leave Act, ("FMLA") 29 U.S.C. § 2601 et. seq.

## PARTIES, JURISDICTION, AND VENUE

2. Plaintiff, Iva Frisby (hereinafter "Frisby" or "Plaintiff"), is a citizen of and a resident of Weaverville, Buncombe County, North Carolina.

3. Defendant, Madison County (hereinafter "Madison" or "Defendant"), is a Local Government Agency operating in Madison County, North Carolina and may be served with process through its County Manager, Norris Gentry, Interim Director, Madison County, 107 Elizabeth Lane, Marshall, North Carolina 28753.

4. The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 as there are issues of Federal Law.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 (c) as Defendant is subject to the personal jurisdiction of this Court and because many of the acts giving rise to this action occurred in this District.

**ALLEGATIONS**

6. Iva Frisby (hereinafter "Plaintiff") began working for Defendant in the Madison County Department of Social Services on or about April 22 2019 as an Income Maintenance Caseworker II (ICM II).

7. Thereafter Plaintiff was promoted to the position of Income Maintenance Supervisor II on or about May 27, 2019 and reported to Tayler Ledbetter.

8. At all times pertinent hereto, Plaintiff was a full-time employee.

9. At all times pertinent hereto, Defendant employed fifty (50) or more persons and was an employer as defined by 29 USC §2611(4) and 29 CFR 825.106.

10. Plaintiff became FMLA eligible on or about April 24, 2020.

11. At all times pertinent hereto, Plaintiff was an FMLA eligible employee of Defendant within the meaning of 29 USC §2611(2) as she had worked 1250 hours in the 12 months prior to her need for FMLA leave as referenced herein and she had worked for more than 12 total months.

12. During the course of her employment, Plaintiff suffered from multiple health conditions which caused her to miss time away from work.

13. She was prescribed medication for these conditions and was undergoing a regiment of treatment by healthcare providers. As such, those conditions qualified as "serious health conditions" within the meaning of FMLA.

13. Further Plaintiff provided medical information to Defendant's management which placed Defendant on notice of her serious health conditions.

14. Defendant failed or refused to explain to Plaintiff her rights under the FMLA and failed to provide her the notices required by law.

15. On or about January 26, 2021, Defendant provided Plaintiff with a notice of proposed disciplinary action which indicated that discipline was recommended due to excessive absences including failure to attend certain meetings due to absences.

16. On or about January 28, 2021, Defendant terminated Plaintiff due to excessive absences and failure to perform work due to her absences.

17. Some or all of her FMLA covered absences were the basis for her termination, and as such, her termination violated the FMLA.

## FIRST CLAIM FOR RELIEF
### (Family and Medical Leave Act, 29 U.S.C. § 2601 et. seq.)

18. Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 17 of this complaint.

19. Defendant was aware of its responsibilities under FMLA and that Plaintiff's absences should be covered by FMLA.

20. Defendant, by failing to inform Plaintiff of her FMLA rights and terminating Plaintiff for her absences which should have been covered by her FMLA, violated the FMLA.

21. Defendant's violation of Plaintiff's FMLA rights caused damages to Plaintiff including but not limited to losses in wages, salary, and employment benefits.

22. Defendant's violation of FMLA was willful, intentional, and in reckless disregard of Plaintiff's legally protected rights such as to justify the imposition of liquidated damages.

23. Therefore, Plaintiff sues Defendant pursuant to the Family and Medical Leave Act, 29 U.S.C. § 2601 et. seq.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that:

A. The Court enter a judgment in favor of Plaintiff and against Defendant to include compensation for lost wages, lost benefits, and other economic losses that were proximately caused by the unlawful actions referenced herein.

B. The Court enter a judgment in favor of Plaintiff and against Defendant for statutory liquidated damages pursuant to FMLA.

C. The Court enter an award in favor of Plaintiff and against Defendant for reasonable expenses and costs including attorney's fees.

D. This matter be tried by a jury

E. The judgment bear interest at the legal rate from the date of filing this action until paid.

F. Defendant be taxed with the costs of this action; and

G. The Court order such other and further relief as it may deem just and proper.

Respectfully submitted this the 23rd day of March, 2022.

/s/ KIRK J. ANGEL
Kirk J. Angel NCSB# 33559
Attorney for the Plaintiff
THE ANGEL LAW FIRM, PLLC
1036 Branchview Drive NE
Suite 102
Concord NC 28025
PO Box 1296 (28026)
Telephone: 704.706.9292
Facsimile: 704.973.7859
e-mail: kirk@mailalf.com